**Lavanda BENNETT, Appellant,**

v.

**SPECIAL FUND, et al., Appellees.**

**No. 95–CA–149–WC.**

Court of Appeals of Kentucky.

Jan. 5, 1996.

Case Ordered Published by
Court of Appeals March 8, 1996.

James W. Owens, Paducah, brief for appellant.

David W. Barr, Louisville, brief for appellee Special Fund.

Before COMBS, KNOPF and WILHOIT, JJ.

### OPINION AFFIRMING

COMBS, Judge.

A single issue is presented in this appeal from a decision of the Workers' Compensation Board: whether the Board erred in affirming the administrative law judge's ("ALJ") dismissal of petitioner's claim on the grounds that she failed to prove that a pre-existing condition was aroused or that it was a contributing factor to her present occupational disability. Finding no error, we affirm.

Lavanda Bennett suffered work-related injuries on March 9, 1989; May 19, 1989; and June 6, 1989. Each injury involved Bennett's lower back. After filing her claim, she entered into a settlement with her employer, Marshall County Board of Education, reserving her right to proceed against the Special Fund.

Summarizing the evidence presented, the ALJ made the following findings and conclusions:

7. We turn now to the more significant issue of apportionment. As noted above, the Plaintiff and Defendant employer entered into a pre-filing settlement. This claim has proceeded against only the Defendant, Special Fund. The Plaintiff refers us to KRS 342.1202 and the mandated 50/50 apportionment in back cases. The Defendant, Special Fund, counters to the effect that there is no evidence or direct proof that it should be involved in this claim. It is the Plaintiff's position that KRS 342.1202 and the equal apportionment is mandated if a pre-existing condition exists. We do not, however, believe that to be the law. In order for KRS 342.1202 and the mandated equal apportionment to be operative there must be evidence of the arousal of a pre-existing condition. We do not believe that it is necessary in each and every case that the "magic words" of the arousal of a pre-existing, dormant, nondisabling condition be used. However, we believe that the evidence must establish that the degenerative disk disease or other pre-existing condition played a role in the present occupational disability. While based upon our experience, we may assume that to be the case, assumptions are not a valid basis for rendering the decision. The evidence that is before us from the medical practitioners does not in our opinion offer a basis on which apportionment can be had. Dr. Berklacich, who testified by deposition, did not in fact address apportionment at all. Dr. Berklacich, of course, did not see the Plaintiff until some two and a half years after her injuries but clearly testified that Plaintiff's disability is attributable to the three injuries that she sustained. The testimony by way of medical records from Dr. Poor is likewise of no help to the Plaintiff. An MRI performed on August 15, 1989, notes that there is degenerative disk disease present. Unfortunately, there is no testimony that we can find from the medical records presented to us from Dr. Poor that indicates what, if any, role the degenerative disk disease played in the need for surgeries and the development of her ultimate occupational disability.

KRS 342.1202 specifically notes that equal apportionment is appropriate in back cases when the disability is *based* in whole or part on a pre-existing condition. That statement in our opinion necessitates direct evidence from the Plaintiff or the Defendant employer to establish by competent evidence that any pre-existing condition played a role in the present occupational disability. The evidence presented to us in our opinion does not establish that, and therefore, the Special Fund can have no liability.

Bennett appealed this decision to the Board, which upheld the ALJ's dismissal of the claim.

We agree with the ALJ and the Board's conclusion that in order for the mandated equal apportionment provisions of KRS 342.1202 to become operative, the mere invoking of the language "pre-existing", "dormant", or "non-disabling" condition is inconclusive. There must be some evidence that there has been an arousal of a pre-existing condition, for which the claimant has the burden of offering such evidence, and assumptions indeed cannot suffice to establish that pre-requisite for liability by the Special Fund. No such evidence having been produced, the ALJ was required to dismiss Bennett's claim against the Special Fund.

Accordingly, the decision of the Worker's Compensation Board is affirmed.

All concur.